99 N.J. Super. 394 (1968)
240 A.2d 171
JANE PLATH, PLAINTIFF-RESPONDENT,
v.
CHARLES PLATH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1968.
Decided February 26, 1968.
*395 Before Judges CONFORD, COLLESTER and LABRECQUE
Mr. Gordon A. Millspaugh argued the cause for appellant (Mr. Harold J. Wallum, Jr., on the brief).
Mr. Thomas C. D'Avella (of Essex County Legal Service Center) argued the cause for respondent.
PER CURIAM
The order of the Juvenile and Domestic Relations Court "placing the Defendant on probation for a period of one year and the condition of probation being *396 that the Probation Department [of Essex County] would [have defendant's salary turned over to it and would then] budget his income for the support of his family, and apportion part of income for Defendant's immediate needs and the liquidation of his indebtedness," was illegal. It delegated to another than the court itself the function of adjudicating the amount of support ordered. The court, and only the court, has jurisdiction to fix the amount of the support. N.J.S. 2A:4-18; R.R. 6:5-4; cf. R.R. 4:98-9(a), R.R. 6:6-3.
The amount designated should be fixed either in specified dollar sums or by reference to readily determinable criteria, e.g., the monthly payments due on the mortgage, fire insurance premiums, etc.
It was also error in this essentially civil proceeding to subject defendant, prior to adjudication of default of a prior order, see Lathrop v. Lathrop, 57 N.J. Super. 532 (App. Div. 1959), to the criminal and quasi-criminal probation procedures of N.J.S. 2A:168-2. The court may not have so intended, but the order was so interpreted by the probation department in imposing a number of probation conditions appropriate only in a criminal or quasi-criminal context. Probationary supervision of the support order, in the background of this particular case, should be confined in terms to the authority granted by R.R. 6:6-5. See N.J.S. 2A:168-11(b); Godfrey v. McGann, 37 N.J. 28, 34 (1962).
Nothing herein contained impugns the validity at all times to date of the order for temporary support which has not been questioned on this appeal.
Reversed and remanded for further proceedings consistent with this opinion. No costs on this appeal.