131 N.J. Super. 72 (1974)
328 A.2d 625
ROCCO DI TOLVO, PLAINTIFF-APPELLANT,
v.
BERNADETTE DI TOLVO, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 15, 1974.
Decided November 7, 1974.
*75 Before Judges CARTON, CRANE and KOLE.
Messrs. Ozzard, Rizzolo, Klein, Mauro and Savo, attorneys for appellant (Mr. Michael V. Camerino, on the brief).
Mr. Frank J. Stanley, III, attorney for respondent (Mr. Robert E. Powers, on the brief).
The opinion of the court was delivered by KOLE, J.A.D.
Plaintiff husband was granted a no fault divorce by reason of 18 months separation, by judgment of May 24, 1973. He was ordered to pay $81 a week for alimony and support of his children, as follows: $21 a week for alimony and $20 a week for each of three children, or an aggregate of $60 a week for the three children. The payments were to be made through the probation department of the county. Only two of the provisions of the judgment need be referred to in order to determine this appeal.
The judgment provided that, in addition to the support and alimony specifically awarded, the husband shall pay 50% of his net salary raises to defendant wife as additional alimony and shall advise the probation department every six months of his net salary raises, if any. If further awarded the wife 20% of the net recovery, if any, received by the husband by reason of a personal injury action that had been instituted against third parties. The husband had sustained *76 such injuries in an automobile accident while the parties were married. Prior to the filing of the divorce complaint both spouses had instituted a negligence action against the claimed tortfeasors in the automobile accident matter. The husband sued for damages for personal injury, medical expenses, loss of earnings and property damage. His wife joined in the action to recover for loss of her husband's services and consortium.
The tort litigation was settled for $7,500 after the judgment of divorce was entered. The wife consented to the settlement. After a hearing before a Law Division judge, that court allocated the $7,500 settlement, in the presence of counsel for both husband and wife, in such manner that 6 1/2% of the $7,500 was allocated to the wife for her per quod claim, with the balance being allocated to the husband.
Plaintiff husband appeals, first, from the part of the judgment which automatically increases the alimony award to the wife by one-half of any pay increase he receives. We conclude that the court erred in ordering alimony to be increased in this fashion.
Alimony is an allowance in periodic installments and takes into account many factors other than the amount of money earned or to be earned by the husband. Painter v. Painter, 65 N.J. 196, 213 (1974); Chalmers v. Chalmers, 65 N.J. 186, 192 (1974); Rothman v. Rothman, 65 N.J. 219, 229 (1974); Capodanno v. Capodanno, 58 N.J. 113, 118-119 (1971); Greenberg v. Greenberg, 126 N.J. Super. 96, 99-100 (App. Div. 1973). Orders for alimony or support operate for the present and may always be altered or modified upon a change of circumstances, in which a salary increase of the husband may be only one factor. Chalmers v. Chalmers, supra; Bartok v. Bartok, 52 N.J. Super. 266 (App. Div. 1958); Hallberg v. Hallberg, 113 N.J. Super. 205 (App. Div. 1971); Turi v. Turi, 34 N.J. Super. 313, 323 (App. Div. 1955); Testut v. Testut, 32 N.J. Super. 95 (App. Div. 1954), 34 N.J. Super. 95 (App. Div. 1955).
*77 In effect, what the court did was to make an automatic percentage distribution of the husband's increase in future earnings by way of an equivalent increase in alimony. It thus confused the concept of equitable distribution with that of alimony and support, leaving no room for the usual proceeding involving a modification of an alimony award, which requires an application and a court hearing before the change is made. The effect of this part of the court's judgment is to authorize the probation department to amend the judgment as to alimony without court approval when the department has evidence of an increase in the husband's salary. Cf. Plath v. Plath, 99 N.J. Super. 394 (App. Div. 1968). The advance determination by the court of an automatic increase in alimony is contrary to established principles relating to alimony and the modification thereof. Moreover, it makes it difficult, if not impossible, for the court to enforce such an increase in later proceedings in aid of litigants' rights under R. 4:79-9.
With respect to alimony and support, the appropriate procedure is for the court to establish a fixed dollar award. That amount is subject to modification upward or downward upon application of either party to the court, either directly or through the probation department, when changed circumstances are established. The requirement in the judgment that the husband report his earnings to the probation department, however, is unassailable. It gives that department, as well as the wife, the information necessary to determine whether and when a subsequent application for modification should be made. We note in this case that a consent order was entered on March 27, 1974 amending the judgment to delete $20 a week for the support of one of the children who left to reside with his father.
Plaintiff husband also appeals from that portion of the judgment which awards defendant wife 20% of the recovery in the negligence action. We have concluded that the judgment in this respect should be affirmed, with some modification.
*78 The statute here involved, N.J.S.A. 2A:34-23, as amended by L. 1971, c. 212, authorizes the court, incident to the grant of divorce, to distribute equitably "the property, real and personal, which is legally and beneficially acquired" by the spouses or either of them during the marriage. Thus, regardless of its source, any personal property in which a spouse acquires an interest during the marriage may be distributed, in whole or in part, by the court to the other spouse irrespective of who in fact has title to the property or interest. The period of acquisition of property available for distribution begins with the marriage and ends when the divorce complaint is filed. Painter v. Painter, supra, 65 N.J. at 217-218.
Painter held that the Legislature used the word "acquired" in a "comprehensive sense" to include property title to which is received by gift or inheritance "or indeed in any other way." Id. at 215. It refused to presume a legislative intent to import community property state concepts by indirection in the equitable distribution provisions of the 1971 act, saying that "we think it preferable to accept the statute literally as written, giving to the word `acquired' the more comprehensive meaning as set forth above." Id. at 217.
In view of this expansive view of property acquired during marriage with respect to the equitable distribution provisions of the statute, we may resort appropriately to the general statutory definition of "personal property" in N.J.S.A. 1:1-2 in resolving the issue before us. That provides that personal property "includes * * * choses in action * * * and everything except real property as herein defined which may be the subject of ownership."
Thus, a cause of action for personal injuries and consequential damages by reason of an accident occurring during marriage is personal property acquired or owned by the injured person. It is also property owned by his spouse, to the extent of the latter's interest therein. See Tinker v. Hobbs, 80 Ariz. 166, 294 P. 2d 659 (Sup. Ct. 1956); Carver v. Ferguson, 254 P.2d 44 (D. Ct. App. 3rd Dist. Cal. 1953), involving, *79 however, community property statutes. The damage claim of the injured person for injuries, loss of earnings and medical expenses belongs to him; the per quod claim respecting loss of consortium is that of his spouse. See Patusco v. Prince Macaroni, Inc., 50 N.J. 365 (1967).
Accordingly, at the time the divorce complaint was filed, the husband was the owner of the main aspect of the chose in action. The wife's interest was only in that portion of any recovery which would compensate her for her per quod claim. Since she agreed to the settlement of the negligence action, we are not faced with the problem of whether, after the divorce, the spouse with the per quod claim would have any degree of control of the action or its settlement. However, we think not. Such control would inject unnecessary complexities in the management of a cause of action that is primarily that of the injured spouse.
We note that, since there is no statutory provision to the contrary, a claim for damages in tort for personal injuries cannot be made the subject of assignment before judgment. Goldfarb v. Reicher, 112 N.J.L. 413 (Sup. Ct. 1934), aff'd o.b. 113 N.J.L. 399 (E. & A. 1934); U.S. Cas. Co. v. Hyrne, 117 N.J.L. 547 (E. & A 1937); Weller & Lichtenstein v. Jersey City Ry. Co., 68 N.J. Eq. 659 (E. & A. 1905). See N.J.S.A. 2A:25-1. What we hold in this case in no way changes this basic principle. Nor does it in any wise modify the other usual incidents and rights with respect to an automobile negligence action. See Patusco v. Prince Macaroni, Inc., supra; 4A Collier on Bankruptcy (14 ed.), § 90 at 390. The new divorce act does not affect these aspects of the tort action. We merely hold that for purposes of equitable distribution incident to a divorce, a spouse's chose in action for personal injuries and the other spouse's per quod claim constitute property subject to such distribution. See Painter, supra, 65 N.J. at 216, fn. 5.
Under these circumstances, therefore, the judge granting the divorce may make an equitable allocation of any future recovery on the entire chose in action, irrespective *80 of the value of each spouse's claim that would normally be measured in the negligence action itself. That allocation or distribution supersedes and takes the place of any award which may later be made in the negligence action or by way of settlement thereof. The matter is no different from the division by way of equitable distribution incident to a divorce of property owned, for example, as tenants by the entirety. Whether, and the extent to which, distribution of this type of property should be made is a matter involving the exercise of appropriate discretion of the court that adjudicates the matrimonial action, in accordance with the criteria set forth in Painter, supra, 65 N.J. at 211.
We do not reach or pass on the extent to which, if at all, generally a spouse's contingent, as opposed to a vested, interest in property at the time the divorce action is instituted is subject to equitable distribution under the new statute. This issue has arisen in connection with rights in pension plans, profit-sharing trusts or the like. See Tucker v. Tucker, 121 N.J. Super. 539, 548-551 (Ch. Div. 1972). Again, we leave to another day the issue of whether other choses in action, such as a workmen's compensation claim or disability benefits arising during marriage, similar in some respects to a personal injury negligence action, are property which may be distributed as an incident to divorce.
It is true that a chose in action for personal injuries arising during marriage may be considered an expectancy in the sense that a recovery thereon may never come to fruition after the divorce judgment. Nevertheless, we are satisfied that this does not preclude the matrimonial court from effecting an equitable distribution of the proceeds of the action if and when they do materialize. Cf. Trowbridge v. Trowbridge, 16 Wis.2d 176, 114 N.W.2d 129 (Sup. Ct. 1962); Storm v. Storm, 470 P.2d 367 (Sup. Ct. Wyo. 1970); Meeks v. Meeks, 228 Ga. 607, 187 S.E.2d 296 (Sup. Ct. 1972).
Painter refused to follow the laws of the community property states when it held that property acquired by gift or bequest during marriage is distributable. Accordingly, the *81 law in those states as to the community or noncommunity aspect of choses in action for personal injuries or recoveries thereon may not provide an appropriate guide for us here. Moreover, many of the cases in those states do not arise in a divorce context but rather in other factual and legal settings involving community property rights. Additionally, they often fail to distinguish the chose in action from moneys actually recovered thereon during the marriage.
Nevertheless, we note that there appears to be a split of authority in the community property states on the question here involved. The majority of these states adhere to the plain meaning of the statutes and find that the cause of action is property acquired during the marriage. However, some jurisdictions hold, either by statute or decision, that damages for personal injuries are separate property because not produced by the toil of the spouses. In New Mexico the basic justification for the minority view is that the cause of action for injuries is the injured person's separate property because, having brought his body to the marriage, he is entitled to keep it whole. See 4A Powell on Real Property, § 626 at 727-728; Soto v. Vandeventer, 56 N.M. 483, 245 P.2d 826 (Sup. Ct. 1952); Annotation, "Spouse's cause of action for negligent personal injuries as separate or community property", 35 A.L.R.2d 1199 (1954). Texas has recently taken a similar position to that of New Mexico in a nondivorce setting, substantially adopting the New Mexico view but adding some additional reasons.
In Graham v. Franco, 488 S.W.2d 390 (Tex. Sup. Ct. 1972), an action by a husband and wife against third parties for injuries sustained in an automobile accident, the court overruled what appeared to be prior law. It held that a chose in action for personal injuries, pain or suffering of one spouse was not "property" under the Texas common law, nor was it property "acquired" by any community effort under its community property law. The court stated that if it were property, under the common law or otherwise, its character was separate or personal to the spouse injured. It reasoned *82 that in using the word "property" the Texas constitution had in mind property which could be given, bought and sold, and passed by will or inheritance; and that a chose in action arising out of the injuries to the spouse was none of these. The right of the spouse to recover for these items of damage was considered to be a replacement, insofar as practicable, and not an acquisition of an asset by the community estate. Accordingly, the court held that the contributory negligence of the husband did not bar recovery by the wife for that portion of her claim. However, as to the part of the tort claim relating to loss of earnings and medical expenses, the court held that these matters did constitute community property and that the contributory negligence of the husband did bar recovery therefor.[*]
Considering the injuries, pain and suffering of the injured spouse as an injury to his personal security rather than as property, has some surface appeal. We are satisfied, however, that under the construction of the 1971 amendment to the divorce act given by Painter, the appropriate rule with respect to this type of chose in action is that which we here adopt. Additionally, it comports with our present practice in negligence actions in permitting a lump sum award to the injured spouse, without the necessity, as in Texas and New Mexico, of separately determining whether only part of that award  e.g., loss of earnings or earning capacity  should be considered marital property for distribution purposes.
Our review of the record below satisfies us that there was substantial credible evidence justifying the award of 20% of the recovery in the negligence action to the wife as a matter of equitable distribution of this marital property. The court properly took into account that this was the only asset of the marriage; the related matter of alimony and support which it could reasonably award defendant and the *83 children, and that she "did live through" the results of her husband's accident. We note that during her testimony defendant claimed that the accident resulted in a change in plaintiff's attitude towards her and the ensuing divorce action. Under all of the circumstances the distribution constituted an appropriate exercise of the court's discretion.
For the foregoing reasons, that part of the judgment awarding defendant 20% of the recovery on the tort claim is affirmed. The 20% will apply to the balance of the entire $7,500 recovered, after deduction of costs, expenses and legal fees. Defendant wife will not be entitled, in addition, to the per quod recovery ordered by the Law Division judge. That portion of the judgment which provides for an automatic increase in alimony when the husband's earning rise is reversed. The balance of the judgment is affirmed, except to the extent that it appears to permit the wife's percentage of the claim awarded in the negligence action to be increased by the amount of her per quod recovery. The property damage portion of the negligence award, just as the balance thereof, is properly part of the recovery against which the 20% allocation is to be applied.
NOTES
[*] New Mexico considers the loss of earnings and medical expenses, as well as loss of services of the wife, part of the community property. Soto v. Vandeventer, supra.