146 N.J. Super. 58 (1976)
368 A.2d 971
JOSEPH CANOVA, PLAINTIFF,
v.
DOROTHY CANOVA, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided December 15, 1976.
*59 Mr. Ralph A. Ferro for plaintiff (Messrs. Ferro, Lamb and Kern, attorneys).
Mr. William J. Rosenberg for defendant (Mr. Benjamin S. Goldstein, attorney).
SUSSER, J.C.C., Temporarily Assigned.
The issue in this case is whether the marital residence is subject to equitable distribution. To decide that issue it is necessary to trace the source of the funds used in the purchase of the residence as well as the title changes in the property from which the funds were derived.
This is a second marriage for both of the parties. Plaintiff and his first wife owned premises known as 74 Second Avenue, Little Falls, New Jersey, as tenants by the entirety. Upon her death plaintiff became the sole owner, and he was such sole owner upon his marriage to defendant in 1957. In the later part of 1960 plaintiff placed title of 74 Second Avenue in his and defendant's name as tenants by the entirety.
The circumstances surrounding this change of title were as follows: Mrs. Canova had left plaintiff and was staying *60 with her sister. Plaintiff asked her to return to him and she agreed to do so upon his assurance that the home in which they were living, 74 Second Avenue, Little Falls, would be placed in both their names. Upon her return plaintiff, on December 8, 1960, executed a deed with his wife in which the grantees were designated as "Joseph Canova and Dorothy M. Canova, his wife, as tenants by the entirety." Consideration on the deed was shown as $1 and other good and valuable consideration. The deed further contained the following recitation: "The purpose of this deed is to create a tenancy by the entirety in the above described premises in Joseph Canova and Dorothy M. Canova, his wife, pursuant to R.S. 37:2-18."
N.J.S.A. 37:2-18 provides that "any conveyance heretofore or hereafter made by a married man or married woman to himself or herself and spouse of any real estate held in fee in severalty by such married man or married woman shall be construed to vest an estate by the entirety in such husband and wife, in fee."
Subsequently, in 1967 plaintiff and defendant executed a mortgage for these premises, and in July 1971 executed a correctional deed for the same premises which contained the same recitation of intent to create a tenancy by the entirety.
In 1971, 74 Second Avenue was sold. Both the contract of sale and the deed of conveyance were signed by plaintiff and defendant. Thereafter Mr. and Mrs. Canova purchased the present marital home at 7 Notch Road, Little Falls. The purchase price was $42,000 and was paid for by use of the $31,000 received from the 74 Second Avenue sale plus the proceeds of a jointly executed bond and mortgage in the sum of $10,000. Title was taken in the name of plaintiff and defendant as tenants by the entirety.
Plaintiff contends that this property is not subject to equitable distribution. He relies on Painter v. Painter, 65 N.J. 196 (1974), which holds:
*61 Clearly any property owned by husband or wife at the time of marriage will remain the separate property of such spouse and in the event of divorce will not qualify as an asset eligible for distribution. As to this the statute is explicit. We also hold that if such property owned at the time of the marriage later increases in value such increment enjoys a like immunity. Furthermore the income or other usufruct derived from such property as well as any asset for which the original property may be exchanged or into which it, or the proceeds of its sale, may be traceable shall similarly be considered the separate property of the particular spouse. The burden of establishing such immunity as to any particular asset will rest upon the spouse who asserts it. [at 214; emphasis supplied]
In a footnote the court explained what it meant by incremental immunity as follows:
The immunity of incremental value to which we refer is not necessarily intended to include elements of value contributed by the other spouse, nor those for which husband and wife are jointly responsible. [Id., n. 4]
Before we consider the applicability of Painter we must first determine whether plaintiff by his deed of December 8, 1960 took 74 Second Avenue out of the domain of his separate property; that is, did that conveyance constitute a gift to break the traceable chain of separate property? The requisites of a gift are: (a) donative intent on the part of the donor (b) actual (or symbolical) delivery of the subject matter of the gift, and (c) an absolute relinquishment by the donor of all ownership and dominion over the subject matter of the gift, at least to the extent practicable or possible, considering the nature of the thing given. In re Dodge, 50 N.J. 192, (1967); Farris v. Farris Engineering Corp., 7 N.J. 487 (1951); Dierksen v. Albert, 106 N.J. Super. 220, 254 (App. Div. 1969); Hanstein v. Kelly, 131 N.J. Eq. 132 (Prerog. Ct. 1942); Swayze v. Huntingdon, 82 N.J. Eq. 127, (Ch. 1913) aff. o.b. 83 N.J. Eq. 335 (E. & A. 1914).
The donative intent of plaintiff is explicit in the execution of the deed of conveyance. The proofs establish the essential element of delivery since the conveyance was *62 made to husband and wife while the recitation in the deed indicates the relinquishment by the donor, Mr. Canova, of his single ownership and separate property by the creation of a tenancy by the entirety. See Herr v. Herr, 13 N.J. 79 (1953).
Plaintiff clearly made a gift. By this gift, then, was the property that was formerly his separate property still immunized from equitable distribution? The answer must be in the negative, for to hold otherwise would make a nullity of every interspousal gift the funds for which could be traced to the funds owned by the donor prior to marriage. The gift of an interest in property consisting of a tenancy by the entirety is no less a gift than that of jewelry, money or any other property. When the Painter court (65 N.J. at 211) listed among the guideline criteria for determining equitable distribution, "gifts from one spouse to the other during marriage," it clearly envisioned that during the course of marriage spouses would make gifts of their separate marital property to each other.
For these reasons I hold that 7 Notch Road, Little Falls, is a marital asset subject to equitable distribution despite the fact that the funds for the down-payment may be traceable to what was at one time the separate premarital property of plaintiff. See Olen v. Melia, 141 N.J. Super. 111 (App. Div. 1976); Scherzer v. Scherzer, 136 N.J. Super. 397 (App. Div. 1975), certif. den. 69 N.J. 391 (1976).