ADRIENNE E. PETERSEN, PLAINTIFF-APPELLANT, v.
RUSSELL PETERSEN, DEFENDANT-RESPONDENT.

**Superior Court of New Jersey**
Appellate Division

Argued January 29, 1980—Decided February 21, 1980.

Before Judges CRANE, MILMED and KING.

*Arnold Koenig* argued the cause for appellant.

*Gerald Goldman* argued the cause for respondent (*Goldman, Carlet, Garrison, Bertoni & Bitterman,* attorneys).

The opinion of the court was delivered by

KING, J. A. D.

The Chancery Division held that an escalation clause in the alimony provision of a July 19, 1966 judgment *nisi* was void as against public policy, relying on our decision in *DiTolvo v. DiTolvo,* 131 *N.J.Super.* 72 (App.Div.1974). The clause was identical to the alimony clause in a "stipulation of settlement" between the parties entered into on June 10, 1966 on the record in open court before a Justice of the Supreme Court of the State of New York. Apparently, the bi-state proceedings were undertaken because plaintiff was then a resident of Staten Island and defendant was then a resident of New Jersey.

On the day of execution of the judgment *nisi* defendant testified under oath that he consented to all of the terms and conditions of the proposed judgment *nisi* and agreed to incorporation therein if his "wife is successful in her divorce action." The judgment provided for $70 weekly alimony and "in the event that the defendant's net annual [taxable] income exceeds $12,650 per annum the defendant shall then pay, in addition, ⅓ of the net [taxable] income that exceeds the $12,650."

Defendant has three times prior to the 1974 *DiTolvo* decision mounted attacks on the escalation clause; each time, in 1968, 1971 and 1972, a Chancery Division judge ruled against him. The present controversy before this court arose as follows: in June 1976 plaintiff moved for an order directing, among other things, "that the retained excess funds in defendant's corporation, Paramount Machine & Tool Co., Inc., a New Jersey Corporation, is income to defendant and that portion of such income to which plaintiff would be entitled under the separation agreement must be paid by defendant to plaintiff." Defendant thereafter moved to obtain an order directing, among other things, .

That the section of the Judgment Nisi in the within matter dated July 19, 1966, as it pertains to the payment of additional alimony based on an increase in the defendant's net annual income, be declared null and void by reason that the same is contrary to the Laws of the State of New Jersey.

The escalation clause was declared repugnant to the public policy of this State and unenforceable by the Chancery Division. We granted plaintiff's motion for leave to appeal.

In *DiTolvo* this court held that a contested judgment which automatically awarded a wife 50% of any net pay increases received by her husband as increased alimony was improper although nothing in the language of the controlling statute compelled that result.[1] We said there that "the advance deter-

_____

[1]Pending any matrimonial action brought in this State or elsewhere, or after judgment of divorce or maintenance, whether obtained in this State or elsewhere, the court may make such order as to the alimony or maintenance of the parties, and also as to the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable and just, and require reasonable security for the due observance of such orders. . . . In all actions brought for divorce, divorce from bed and board, or nullity the court may award alimony to either party, and in so doing shall consider the actual need and ability to pay of the parties and the duration of the marriage. In all

mination by the court of an automatic increase in alimony is contrary to established principles relating to alimony and the modification thereof." *See, also, Stout v. Stout*, 155 *N.J.Super.* 196, 205 (App.Div.1977).

■ The alimony escalation clause in the 1966 judgment *nisi* was an economic term freely negotiated by the parties. In both the New York support proceeding and the New Jersey divorce proceeding the parties readily agreed to incorporate this escalation clause into final judgments. We find nothing inherently inimicable in the enforcement of an escalation clause for alimony or child support when the clause is the product of a freely negotiated and counselled marital settlement. Indeed, such clauses, when voluntarily agreed upon in appropriate situations, may be very useful tools in drafting a fair settlement of the economic issues in a marital dispute. *See, e. g., DeGraaff v. DeGraaff*, 163 *N.J.Super.* 578 (App.Div.1978); Annotation, "Alimony, Child Support—Salary Increase," 75 *A.L.R.3d* 493 (1977).

In an economy presently beset by a wage-price spiral and annual double-digit inflation many income producers predictably will receive increments in income when labor agreements are renegotiated, cost-of-living increments are granted, promotions occur or profits increase. Moreover, a judicious use of an escalation agreement for alimony and child support may well obviate the need for the parties to hire lawyers and go back to court each time an increment seems justified. When a fair increment is built into the agreement the parties realize a saving in money, time and emotional friction; the courts are spared an additional source of congestion.

■ We do not suggest that an escalation clause for alimony or child support is immutable. Such clauses, like any other

actions for divorce other than those where judgment is granted solely on the ground of separation the court may consider also the proofs made in establishing such ground in determining an amount of alimony or maintenance that is fit, reasonable and just. [*N.J.S.A.* 2A:34 23]

clause of a matrimonial agreement, are always subject to the scrutiny of the Chancery Division and to the court's power to exercise supervisory control.  *Smith v. Smith*, 72 *N.J.* 350, 358 (1977);  *Schlemm v. Schlemm*, 31 *N.J.* 557, 580 (1960).

If defendant believes that the alimony escalator is unfair under present circumstances in light of the traditional considerations underpinning an award of alimony,[2] he is free to seek equitable relief from the clause under the standard set forth by our Supreme Court in *Smith v. Smith; supra* :

> . . . Henceforth the extent of the change in circumstances, whether urged by plaintiff or defendant, shall be the same, regardless of whether the support payments being questioned were determined consensually or by judicial decree. In each case the court must determine what, in the light of all the facts presented to it, is equitable and fair, giving due weight to the strong public policy favoring stability of arrangements.  [72 *N.J.* at 360]

*See, also, Carlsen v. Carlsen*, 72 *N.J.* 363, 370 371 (1977), where the Supreme Court stated: "Separation agreements between spouses have long been considered to fall within the category of contracts enforceable in equity, but only if found to be just."

Accordingly, we reverse the judgment of the Chancery Division holding that the consensual escalation clause for alimony in the judgment *nisi* and the support agreement is automatically invalid and unenforceable.  If, on remand and with a proper record, the trial judge finds the escalatory unfair and inequitable within the standard set by *Smith v. Smith, supra*, enforcement may be refused.

Reversed and remanded.  Jurisdiction is not retained.

---

[2] *See Scalingi v. Scalingi*, 65 *N.J.* 180, 184 (1974); *Capodanno v. Capodanno*, 58 *N.J.* 113, 118 (1971).