660 A.2d 1269

JANET RYAN, PLAINTIFF, v. THOMAS RYAN, DEFENDANT.

Superior Court of New Jersey
Chancery Division Family Part
Bergen County

Decided October 29, 1993.

*Louis Mangano,* for plaintiff.

*Robert Cohan,* for defendant.

JOHN A. CONTE, Judge.

This is an action seeking dissolution of a twenty-three-year marriage. The issue is whether insurance proceeds paid for personal injuries and loss of consortium which have already been received, commingled and disbursed remain subject to equitable distribution.

The parties were married on June 28, 1970. Two sons were born of the relationship who are now ages thirteen and eleven respectively. On March 17, 1978, the parties purchased a summer residence at the Jersey shore in Beach Haven. In June 1979, they purchased their marital residence in Paramus. They have stipulated to the values and acknowledge these properties are subject to equitable distribution.

In June 1990, the parties purchased a residential investment property referred to as Iona Place, Paramus, which is the subject of this dispute. The value is stipulated, but defendant seeks to exclude from equitable distribution the sum of $82,000, being the difference between the purchase price of $182,000 and the mortgage of $100,000. He claims these funds were derived from an automobile accident settlement for pain and suffering and are therefore exempt. Plaintiff argues that these funds were commingled with other assets, were intended to be joint funds and lost their identity.

The facts reveal that on January 5, 1982, defendant was injured in an automobile accident. Prior to trial in April 1989, the action was settled for $250,000. The closing statement revealed a net payment of $182,946.96 which was received several months later. The settlement was payable to defendant for pain and suffering and to plaintiff for her loss of consortium. No apportionment was fixed between these two claims. The settlement check was endorsed by the parties and deposited into two separate accounts at Valley National Bank in the name of plaintiff alone as custodian for each of two sons. The two accounts were opened on December 1, 1989, with the identical amount of $86,218.62, totalling $172,-437.24.

On February 5, 1990, the parties withdrew the sum of $18,000 from their joint savings account at First Jersey Savings & Loan Association as a down payment on the Iona Place property. A deposit of $20,247 was previously made on February 1, 1990, to cover the withdrawal. It is not clear where these funds originated.

The settlement took place in June 1990 and title was taken in the joint names of the parties. They signed a mortgage in the sum of $100,000. The deposit of $18,200 when added to the mortgage totalled $118,200. The plaintiff withdrew the sum of $37,973.04 from each custodian account in her sole name and deposited those funds into a separate joint savings account at First Jersey Savings & Loan totalling $75,946 on March 10, 1990. Both of the accounts already had funds on deposit. The balance of the purchase price was derived from these funds.

The law has been clearly stated on distribution of personal injury awards. In *Landwehr v. Landwehr*, 111 *N.J.* 491, 493, 545 *A.*2d 738 (1988), an automobile accident insurance settlement was reached in May 1980. The parties separated in June 1981, and in October 1981, Mrs. Landwehr filed a complaint for divorce. On October 24, 1983, a Final Judgment of Divorce was entered. At trial the parties stipulated that the husband had received the

check but the record does not disclose whether the money was spent, saved, or invested in other marital assets. The Court held:

> [T]he portion of the settlement that is intended to compensate for lost earnings and the medical expenses of the injured spouse is subject to distribution, but the remainder of the settlement, which is intended to compensate for personal pain, suffering and the mental and physical disabilities of the injured spouse or for the loss of consortium or services suffered by the uninjured spouse, are not distributable.

*[Id.* at 493, 545 *A.*2d 738.]

The decision of *Landwehr* cited *Amato v. Amato,* 180 *N.J.Super.* 210, 434 *A.*2d 639 (App.Div.1981), which concerned equitable distribution of a future tort recovery resulting from a malpractice claim. The court in *Amato* found as follows:

> Thus, we hold that where one spouse has a claim for personal injury which occurred during marriage, monies realized in the way of settlement or judgment from a tortfeasor as compensation for pain, suffering, disfigurement, disability or other debilitation of the mind or body, represent personal property of the injured spouse not distributable under *N.J.S.A.* 2A:34-23. Likewise, monies realized for a claim of loss of consortium must in fairness be so treated. Losses, such as past wage and medical expenses which have diminished the marital estate are distributable when recovered.

*[Id.* at 219, 545 *A.*2d 738.]

Another similar situation was presented in *DiTolvo v. DiTolvo,* 131 *N.J.Super.* 72, 328 *A.*2d 625 (App.Div.1974). There the plaintiff was injured in an automobile accident during the marriage and he and his wife sued for damages and loss of consortium prior to filing of a complaint for divorce. The accident case was settled after the judgment of divorce was entered. A Law Division judge allocated a portion of the settlement to the wife for her per quod and the balance to the husband. *Id.* at 76, 328 *A.*2d 625.

Those cases involved an asset which could be identified and categorized; their values determined and distributed. *Rothman v. Rothman,* 65 *N.J.* 219, 232, 320 *A.*2d 496 (1974). However, the case before this court presents a different situation. The original settlement was turned over exclusively to plaintiff for deposit in her name alone without any reservation. The withdrawal of the funds to purchase a residential dwelling in their joint names, again without reservation, indicates the intent that the funds were the

exclusive property of both parties. And beyond that, the deposit of the balance of the funds into a joint savings account, commingled with their other funds and divided with the defendant taking $20,000 for himself after the separation and the balance being retained by plaintiff for her and the children to pay all expenses further evidences an intent that the funds were for their joint use and ownership. When those funds were deposited in the plaintiff's name and subsequently deposited into a joint account and withdrawn to purchase a residence as tenants by the entirety, the residence became a joint marital asset. The commingling of separate funds for pain and suffering and loss of consortium with marital property converted those funds into marital property. *Canova v. Canova,* 146 *N.J.Super.* 58, 62, 368 *A.*2d 971 (Ch.Div. 1976). There was never a clearly manifested and unequivocal intent that the insurance proceeds belonged to the plaintiff or the defendant, which would ultimately be returned to her or him. *Wadlow v. Wadlow,* 200 *N.J.Super.* 372, 380, 491 *A.*2d 757 (App. Div.1985). The facts in the case at hand are clearly distinguishable from *Dotsko v. Dotsko,* 244 *N.J.Super.* 668, 675, 583 *A.*2d 395 (App.Div.1990) which concerned a gift from the father of a former husband into a joint account for approximately 18 days and then withdrawn and deposited into an individual account for the husband with the clear intention throughout that the gift was only to the former husband. The gift was held not subject to equitable distribution.

Based upon these findings, the residence in question is a joint marital asset subject to equitable distribution.