740 A.2d 164 (1999)
325 N.J. Super. 576
Susan EISENHARDT, Plaintiff-Respondent,
v.
Joseph P. EISENHARDT, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued September 27, 1999.
Decided November 17, 1999.
*165 Andrew L. Rochester, Haddonfield, for defendant-appellant (Adinolfi and Spevak, attorneys; Mr. Rochester and Robert J. Adinolfi, on the brief).
Carl W. Cavagnaro, Vineland, for plaintiff-respondent (Mann & Moore, attorneys).
Before Judges KEEFE and A.A. RODRIGUEZ.
The opinion of the court was delivered by RODRIGUEZ, A.A., J.A.D.
In this appeal, we decided whether our holding in Reinbold v. Reinbold, 311 N.J.Super. 460, 710 A.2d 556 (App.Div. 1998), (that a coverture fraction should not be modified by fictional early retirement incentive credits), should be applied when the early retirement occurs prior to the filing of the complaint for divorce. We hold that the principles of Reinbold apply in this situation as well.
The facts are as follows. Ex-husband, Joseph P. Eisenhardt, began to work for Bell Atlantic in 1967. Seventeen years later, he married, Susan Eisenhardt. During the marriage, ex-husband was offered an early retirement package from Bell Atlantic. Bell Atlantic agreed to add three years to the ex-husband's number of years of service and three years to his age. Thus, although ex-husband actually retired on December 31, 1992, the company used December 31, 1995 as his retirement date to compute his overall pension. Ex-husband received his pension as a lump sum payout. Thereafter, after fourteen years of marriage, the parties were divorced.
After the divorce complaint was filed, the parties reached a property settlement agreement. They agreed on all issues except how to define the coverture fraction to be used in determining ex-wife's share of the Bell Atlantic pension. On that issue, the trial court held a hearing. Exwife's expert, Lois Fried, testified that the numerator and denominator of the coverture fraction should each include the additional three years of work service and age credit that ex-husband received as an early retirement incentive. According to Fried, the coverture fraction equated to 41.13 percent. Ex-husband's expert, Theodore Long, disagreed. He used the actual periods of marriage and work as the numerator and denominator. According to Long, the coverture fraction equated to 34.30 percent.
In a letter opinion, the trial judge concluded that ex-wife's expert's formulation was appropriate in this case because "the added three years benefit was earned during the course of the marriage" and was therefore, property legally and beneficially acquired by the parties. The judge reasoned that the parties "remained together for over three years after [ex-husband] did retire" and they "shared the decrease in income and benefits which early retirement brought."
On appeal, ex-husband contends that the trial judge erred by using ex-wife's expert's coverture fraction formulation. He recognizes that his pension benefit was enhanced by the additional three years of age and service. He concedes that ex-wife is entitled to share in this enhancement. However, he asserts that the appropriate formula for the coverture fraction is actual "length of the years of marriage during employment" divided by "the actual length of employment." We agree.
It is well-settled that New Jersey statutory law allows, upon dissolution of a marriage, for "an equitable distribution of the property, both real and personal, which was legally and beneficially acquired" by either party during the course of that marriage. N.J.S.A. 2A:34-23. Pension plans have long been considered an asset subject to equitable distribution. Moore v. Moore, *166 114 N.J. 147, 154-55, 553 A.2d 20 (1989) (acknowledging that a right to receive benefits, which is related to the joint effort of the parties, is subject to equitable distribution); Whitfield v. Whitfield, 222 N.J.Super. 36, 47, 535 A.2d 986 (App.Div.1987) (allowing for equitable distribution of a portion of military pension earned during marriage); Kikkert v. Kikkert, 177 N.J.Super. 471, 475, 427 A.2d 76 (App.Div.), aff'd o.b., 88 N.J. 4, 438 A.2d 317 (1981); Blitt v. Blitt, 139 N.J.Super. 213, 217, 353 A.2d 144 (Ch.Div.1976).
Recently, in Reinbold v. Reinbold, supra, 311 N.J.Super. at 460, 710 A.2d 556, we addressed the issue of how to distribute an enhanced pension benefit due to early retirement benefits. In that case, Mr. Reinbold was to receive a pension based on his total years of service. Id. at 462, 710 A.2d 556. The property settlement agreement between the parties provided that Mrs. Reinbold's portion of the pension would be calculated at retirement because the overall benefit depended on her exhusband's length of service. Id. at 462-63, 710 A.2d 556. After the divorce was finalized, Mr. Reinbold's employer offered him a retirement incentive package whereby the employer added five years to his age and five years of service to increase the value of the pension pay-out. Id. at 463-64, 710 A.2d 556.
We held that whether a pension benefit enhanced by retirement incentives is includable in the marital estate depends upon the nature of the property and how it was earned. Id. at 467, 710 A.2d 556; see also Whitfield, supra, 222 N.J.Super. at 46, 535 A.2d 986. Applying that principle we concluded that Mrs. Reinbold was entitled to a portion of the enhanced benefit because the enhancement was earned due to "[Mr. Reinbold's] age and as a reward for his length of service which was attributable to his efforts during the marriage." Reinbold, supra, 311 N.J.Super. at 470, 710 A.2d 556 (citing Pascale v. Pascale, 140 N.J. 583, 609, 660 A.2d 485 (1995)).
Here, ex-wife and the trial judge mistakenly believed that ex-wife will not share in the enhanced benefit unless the numerator and denominator of the coverture fraction each included the three years of incentive credits, which are the basis of the enhancement. Not so. The enhancement is reflected in the benefit received. Therefore, because ex-wife will receive her share of ex-husband's pension benefit, which has been augmented by the early retirement benefit, she is sharing in the enhancement. The coverture fraction has nothing to do with the quantum of the benefit to be distributed. The amount of the benefit is the proverbial "apple." The portion of the benefit subject to equitable distribution, represented by the coverture fraction, is an "orange."
The coverture fraction is the proportion of years worked during the marriage to total number of years worked. The numerator represents that portion of the benefit, enhanced or not, that was "legally and beneficially acquired" during the marriage. Kikkert, supra, 177 N.J.Super. at 474-75, 427 A.2d 76. The denominator is the total number of years worked up to retirement. Reinbold, supra, 311 N.J.Super. at 466, 710 A.2d 556. The coverture fraction insures that the equitable distribution pot includes only that portion of the working spouse's labor which constitutes a "shared enterprise." Whitfield, supra, 222 N.J.Super. at 46, 535 A.2d 986. It also assures the employee spouse the benefits of his or her pre and post coverture labors. Reinbold, supra, 311 N.J.Super. at 467, 710 A.2d 556.
In Reinbold, we stated that the coverture fraction should reflect the actual years worked without including early retirement incentive credits "because [this] reflects reality.... The gift of five extra years of service should not be used to reduce [Mrs. Reinbold's] fractional share of the pension when no work was actually performed for that service." Id. at 472, 710 A.2d 556.
*167 Here, ex-wife argues that we should depart from this holding because the early retirement incentive was offered and accepted during the marriage. Therefore, if ex-husband had rejected the early retirement package, continued to work then retired three years later, prior to filing of the complaint for divorce, the coverture fraction would be the same as the one determined by the judge in this case. That would be so, but it would also be a different case. Ex-husband would have worked another three years. Each day of those three years his then-spouse's effort would have contributed to the product of his labor. In that instance, it is her effort in buttressing his ability to work that requires a modification of the coverture fraction. Here, neither spouse contributed to an additional three years of work. The incentive credit is a gift. They both share in this gift because it is included in the total benefit. But, because it is a gift, it does not change the proportion between what was acquired by their mutual effort to what was acquired by his effort alone.
Reversed and remanded for the entry of a judgment in conformance with this opinion.