**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0346-20

RONALD KNAUST,

    Plaintiff-Appellant,

v.

JESSICA KNAUST,

    Defendant-Respondent.

_____

Argued March 1, 2022 – Decided August 30, 2022

Before Judges Fisher and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0338-12.

Louis Cappelli, Jr., argued the cause for appellant (Florio Perrucci Steinhardt Cappelli Tipton & Taylor, LLC, attorneys; Louis Cappelli, Jr., on the briefs).

Melissa R. Knoerzer argued the cause for respondent (Adinolfi, Lieberman, Burick, Roberto & Molotsky, PA, attorneys; Melissa R. Knoerzer, of counsel and on the brief).

PER CURIAM

Plaintiff Ronald Knaust appeals from a Family Part order denying reconsideration of an order granting defendant Jessica Knaust's motion to bar evidence regarding plaintiff's premarital contributions to his pension and establishing a value for the marital home. We affirm in part, reverse in part, and remand for a plenary hearing.

I.

The parties married in 1993. In 2018, the Family Part entered a final judgment of divorce (FJOD) incorporating a matrimonial settlement agreement executed by the parties. In May 2019, the parties amended the settlement agreement by consent order. The terms of the amendment included: an agreement to use a mutually selected appraiser and share the cost; terms for defendant's buyout of plaintiff's interest in the property; terms establishing defendant's entitlement to one-half of plaintiff's pension assets accumulated during the marriage; and terms subjecting plaintiff's investment savings and employee stock option (ESOP) plans to equitable distribution. For the mutually selected appraiser, each party reserved the right to submit their own appraisal within sixty days if they disagreed with the joint appraiser's report on property value.

In June 2019, less than a month after issuance of the consent order, defendant submitted a report which valued the marital residence between $300,000 and $325,000. Plaintiff rejected that value and submitted a September 2016 joint report that valued the marital property at $360,000. After efforts to reach a mutually agreeable value failed, plaintiff sought relief from the court to appoint its own appraiser. In October 2019, the court granted plaintiff's request.

The court-appointed appraisal firm (Renwick) completed its report in December 2019. The report estimated the fair market value of the marital home to be $200,000.

Defendant next filed a notice of motion to enforce litigant's rights, establishing the fair market value of the marital residence at $200,000 and confirming defendant's buyout of $60,878. Defendant also sought production of all plaintiff's statements for his work-related pension assets.

The court granted defendant's motion in May 2020, adopting the Renwick appraisal, noting that the parties failed to agree upon a marital home value on their own. The court also found that plaintiff's pension was subject to equitable distribution, noting that plaintiff failed to provide evidence of any exempted portion of his pension. It ordered him to produce documentation supporting his exemption argument within fourteen days.

A-0346-20

Plaintiff filed a motion for reconsideration of the May 2020 order, contesting the court's acceptance of the Renwick valuation of the marital home as well as the equitable disposition of his pension. After oral argument, the court denied reconsideration. Applying the Rule 4:49-2 standard, the court found plaintiff failed to present "competent evidence" not considered by the court under the rule. The court further found plaintiff's opposition to use of the Renwick appraisal "meritless," concluding that plaintiff requested a neutral court appointed appraiser, and essentially got what he asked for. The court affirmed its prior order.

Regarding plaintiff's pension, the court declined to apply the marital coverture fraction to estimate the premarital portion of his pension. The court found that plaintiff failed to submit timely documentation showing pre-marital contributions as requested, noting that he "repeatedly provide[d] materials far later than required by [the May 2020] court order." The court found that due to plaintiff's constant misrepresentations and failure to provide adequate documentation representing his premarital contributions, plaintiff's pension was subject to equitable distribution.

On appeal, plaintiff raises the following arguments: (1) the court abused its discretion by setting the value of the marital home at $200,000; (2) the court

erred in denying his submissions to establish a premarital value to his pension; and (3) the court improperly exercised its discretion by declining to hold a plenary hearing when factual disputes existed.

## II.

Our review of orders entered by the Family Part is generally deferential. Landers v. Landers, 444 N.J. Super. 315, 319 (App. Div. 2016). "[W]e defer to factual findings 'supported by adequate, substantial, credible evidence' in the record." Ibid. (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)). "Reversal is warranted when we conclude a mistake must have been made because the trial court's factual findings are 'manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice . . . .'" Ibid. (alteration in original) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The Family Part "has broad discretion in setting an alimony award and in allocating assets subject to equitable distribution." Clark v. Clark, 429 N.J. Super. 61, 71 (App. Div. 2012). Under equitable distribution, the statutory

factors enumerated in N.J.S.A. 2A:34-23.1, are to be "used in concert with the facts of each case," and inform the otherwise "broad discretion" accorded to the court. Steneken v. Steneken, 367 N.J. Super. 427, 434-35 (App. Div. 2004). Therefore, where the issue on appeal concerns the valuation and distribution of assets, "the standard of review is whether the trial judge's findings are supported by adequate credible evidence in the record." Borodinsky v. Borodinsky, 162 N.J. Super. 437, 444 (App. Div. 1978).

Motions for reconsideration under Rule 4:49-2 are granted only under very narrow circumstances:

> Reconsideration should be used only for those cases which fall into that narrow corridor in which either (1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).]

"[A] trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). "An abuse of discretion arises when a decision is made without a rational explanation,

6

inexplicably departed from established policies, or rested on an impermissible basis." Ibid. (internal quotation marks and citations omitted). "Reconsideration cannot be used to expand the record and reargue a motion," and "[a] litigant should not seek reconsideration merely because of dissatisfaction with a decision of the [c]ourt." Cap. Fin. Co. of Delaware Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008) (alteration in original) (quoting D'Atria, 242 N.J. Super. at 401).

### III.

Plaintiff argues the court abused its discretion by adopting the Renwick appraisal and placing his pension in the marital estate for equitable distribution without a plenary hearing.

Plenary hearings are only required when "a prima facie showing has been made that a genuine issue of fact exists bearing upon a critical question." Bisbing v. Bisbing, 445 N.J. Super. 207, 216 (App. Div. 2016) (citations omitted). Plenary hearings may not be necessary if the family court is "familiar with the parties through extensive motion practice." Id. at 213.

Based upon our review of the record, we find the court mistakenly exercised its discretion in denying plaintiff's motion for reconsideration as to the value of the marital home. We conclude the court failed to consider or

7

appreciate the significance the conflicting proofs on property value in the record and should have given those proofs "due consideration." Fusco, 349 N.J. Super. at 462; Bisbing, 445 N.J. Super. at 216. To the extent the court considered the conflicting valuation proofs and found that they should be rejected in favor of the Renwick appraisal, the court abused its discretion by failing to provide a statement of reasons supporting such a result. Consequently, we find it necessary to vacate and remand for a plenary hearing regarding valuation of the marital residence.

Plaintiff next argues that the court erred in its equitable distribution of his pension. He argues that his contributions which predate the marriage, but do not actually vest until he retires or withdraws from the pension plan, should not have been deemed eligible for distribution.

It is well-settled that, upon dissolution of a marriage, New Jersey law allows for "an equitable distribution of the property, both real and personal, which was legally and beneficially acquired by . . . either [party] during the marriage . . . ." N.J.S.A. 2A:34-23(h). Pension benefits derived from the joint effort of the parties are subject to equitable distribution. Genovese v. Genovese, 392 N.J. Super. 215, 223 (App. Div. 2007). But only the portion of the pension acquired during the marriage or civil union will be subject to distribution

between the parties. See Painter v. Painter, 65 N.J. 196, 214 n.4 (1974). Thus, if the pension holder was a member of the pension plan before the start of the parties' marriage or civil union, then application of the coverture fraction may be necessary to isolate the part of the pension that was not earned during the marriage and thus constitutes the pension participant's separate property. See, e.g., Eisenhardt v. Eisenhardt, 325 N.J. Super. 576, 580-81 (App. Div. 1999). "The coverture fraction is the proportion of years worked during the marriage to total number of years worked." Id. at 580.

The plaintiff failed to produce evidence of his premarital contributions. We discern no basis to disturb the court's findings on this important point. In light of the record, the court's award of one-half of the value of plaintiff's pension and rejection of the coverture fraction was appropriate and not an abuse of discretion. See Ryan v. Ryan, 283 N.J. Super. 21, 25 (Ch. Div. 1993) (stating that commingling of separate funds with marital property can convert those funds into marital property).

Affirmed in part, reversed in part, and remanded for a plenary hearing on the marital home's valuation. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9