EAST ORANGE LUMBER COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. CHRISTIAN FEIGANSPAN, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLEE.

Argued May 2, 1938—Decided June 13, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the plaintiff-appellant, *Sevrin & Goldstein* (*William Goldstein*).

For the defendant-appellee, *Lindabury, Steelman, Zink & Lafferty* and *William Rowe*.

BODINE, J. For many years, the Mattison Lumber Company was engaged in the lumber business in East Orange. Its yard adjoined the defendant's ice manufacturing plant. Power in the defendant's plant was generated by the use of four oil burning Diesel engines. The exhausts from these engines were pointed in the direction of the plaintiff's assignors lumber yard, and soot and unconsumed fuel oil damaged the lumber in stock. The right of action for damages before suit was assigned by the lumber company to Katherine B. Mattison and F. A. Gordon & Company, and by them assigned to the East Orange Lumber Company, the present plaintiff.

At the close of the plaintiff's proofs, the defendant moved for a nonsuit on the ground that the action was for the tortious injury to personal property and was, therefore, not assignable. The granting of this motion was proper.

Chief Justice Gummere said in *Weller & Lichtenstein* v. *Jersey City, &c.*, 68 *N. J. Eq.* 662: "A right of action for personal injuries cannot be made the subject of assignment before judgment, in the absence of a statutory provision to the contrary. Except when otherwise provided by statute, nothing is assignable, either at law or in equity, that does not directly or indirectly involve a right to property."

Judge Speer, when in the Circuit Court, in *New York, Susquehanna and Western* v. *Miller*, 39 *N. J. L. J.* 201, in an action for the conversion of hogs brought by an assignee, held that the action would not lie, relying upon *Gaskill* v. *Barbour*, 62 *N. J. L.* 530, and quoted from that case the following language used by Mr. Justice Collins: "If the plaintiff is to be considered as the assignee of a chose in action, he must fail because there is no authority for his maintaining

suit thereon in his own name. Statutes making choses in action assignable at law have been held to include those arising *ex delicto* if they affect property rights (*Final* v. *Backus,* 18 *Mich.* 218; 26 *Am. & Eng. Encycl. L.* 746); but our statute in that regard is in terms limited to those arising *ex contractu,* except in case the assignor be dead." See, also, decision of Judge Newman in *Kmetz* v. *Erie Railroad,* 51 *N. J. L. J.* 374. Mr. Justice Swayze also examined the matter in *Parsons* v. *Lehigh Valley Railroad, Ibid.* 375. In that case the action was brought by an assignee on a cause of action arising out of a tort because of the destruction of personal property by reason of an explosion. He said: "I am not referred to any statutory rule which distinctly reaches the case and changes the conceded rule of the common law. I am urged to infer that that rule has been changed by section 20 of the Practice act (*Comp. Stat., p.* 4057), which in so many words applies only to cases where the assignor is dead at the time the assignee sues to recover, and from rule 20 of the rules of the Supreme Court, being rule 10 as printed with the Practice act of 1912, which in terms applies only to cases where the assignment is made pending the action. The very fact that the legislature has provided by section 19 of the Practice act (*Comp. Stat., p.* 4096) that all choses in action on contract shall be assignable at law and the assignee may sue thereon in his own name, is sufficient to indicate that the legislature did not mean that the same privilege should be had by the assignee of a chose in action arising out of a tort."

Sections 19 and 20 of the Practice act are embodied in almost the precise form in *Rev. Stat.* 2:41-1.

It was argued before us at length that the common law rule should have been otherwise. In 3 *Street's Foundation of Legal Liability* 76, the reason for the existence of the principle is sought. The author concludes in chapter 7 that the ancient argument based on the idea of preventing litigation has ceased to appeal to the courts. He then says (at *pp.* 86, 87) : "As regards particular results, it is pretty generally

held in America that the only causes or rights of action which are not transferable or assignable in any sense are those which are founded upon wrongs of a purely personal nature, such as slander, assault and battery, negligent personal injuries, criminal conversation, seduction, breach of marriage promise, malicious prosecution, and others of like nature. All other demands, claims, and rights of action whatever are generally held to be transferable. In conformity with the principle just stated the following demands, claims and rights of action have been held to be assignable; causes of action arising from the breach of a contract of any kind (except the breach of a promise to marry); causes of action arising from torts which affect the estate rather than the person of the individual who is injured. Under the latter head are claims arising from carrying away, or conversion, of personal property, from the fraudulent misapplication of funds by the officer of a bank, from negligent or intentional injury done to personal property or upon real estate."

In most states where an action for damages arising in tort are held assignable, there is some statutory provision making the change. 6 *C. J. S.,* § 34. In *Delval* v. *Gaynon,* 213 *Mass.* 203, the court in determining that the right of action for tortious injury to property was assignable appears to predicate its judgment upon the common law. If the present case were one of novel impression in this jurisdiction, there would seem to be little reason for the present rule that an assignee of a chose of action for injury to personal property cannot sue thereon, but the rule being so firmly embedded in our jurisprudence it will be necessary for the legislature, if it sees fit, to alter the same.

The judgment appealed from will be affirmed.