**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-2241-17T4
                A-2291-17T4

AII1, LLC, as assignee of
AUTOMOTIVE INNOVATIONS,
INCORPORATED,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

PINNACLE INSURANCE
SOLUTIONS, LLC, d/b/a
PINNACLE RISK SOLUTIONS,
also d/b/a PINNACLE COMPANIES,

      Defendant-Respondent/
      Cross-Appellant.

_____

Argued May 1, 2019 – Decided July 15, 2019
Motion for reconsideration granted.
Submitted August 19, 2019 - Decided  September 6, 2019

Before Judges Accurso, Vernoia and Moynihan.

On appeal from the Superior Court of New Jersey, Law
Division, Essex County, Docket No. L-7808-14.

Thomas S. Howard argued the cause for appellant/ cross-respondent (Gartenberg Howard, LLP, attorneys; Thomas S. Howard and Michael C. Hughes, on the briefs).

Diana C. Manning argued the cause for respondent/ cross-appellant (Bressler, Amery & Ross, PC, attorneys; Diana C. Manning and Benjamin J. DiLorenzo, on the briefs).

PER CURIAM

In our initial decision in this insurance broker malpractice action, AII1, LLC v. Pinnacle Insurance Solutions, LLC, A-2241-17 and A-2291-17 (App. Div. July 15, 2019), we reversed the jury's verdict in favor of plaintiff AII1, LLC, and dismissed plaintiff's appeal as moot based on a determination that plaintiff, as an assignee, could not properly prosecute the tort claims asserted in its complaint. In making the determination, we did not consider plaintiff's argument that defendant Pinnacle Insurance Solutions, LLC, waived its claim plaintiff could not prosecute tort claims as an assignee, finding plaintiff had not raised the argument before the trial court. Id. at 8; see also Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

Plaintiff moved for reconsideration arguing we erred by finding that it failed to assert at trial that defendant waived the non-assignability issue. The trial record shows that when defendant moved for an involuntary dismissal

2

A-2241-17T4

asserting plaintiff could not prosecute tort claims as an assignee, plaintiff's counsel represented to the court he was "prepared to respond" to defendant's motion, never claimed defendant's argument had been waived, and then immediately and extensively argued the merits. However, as plaintiff shows in its reconsideration motion, on the day following argument on defendant's motion, plaintiff's counsel supplemented his arguments and asserted "the non-assignability issue . . . would constitute an affirmative defense and there is no affirmative defense of assignability listed . . . in defendant's answer" and that the non-assignability issue had been waived.

We note that in plaintiff's brief in opposition to defendant's cross-appeal, the point heading for its argument that defendant waived the non-assignability issue included specific but incomplete citations to only two portions of the record during which the non-assignability issue was addressed by the trial court. Plaintiff first cited to the transcript of defendant's involuntary dismissal motion and plaintiff's counsel's argument in opposition on the merits. Plaintiff next cited to the transcript of defendant's <u>Rule</u> 4:40-1 motion. Neither of the two records cited by plaintiff included any assertion by its counsel that defendant waived the non-assignability issue, and plaintiff did not cite to the transcript for the day following argument on defendant's motion for an involuntary dismissal,

when plaintiff's counsel supplemented his argument and asserted defendant waived the claim that plaintiff could not prosecute tort claims as an assignee.

The Rule governing the contents of an appellate respondent's brief, Rule 2:6-4(a), incorporates the requirements of Rule 2:6-2(a)(6), which provides that appellate brief point headings must include "the place in the record where the opinion or ruling in question is located or if the issue was not raised [before the trial court] a statement indicating that the issue was not raised" before the trial court. The two citations in the record cited in plaintiff's point heading were clearly not for the purpose of identifying the place in the record where the court rendered an opinion or ruling—there are no rulings rendered in the records cited by plaintiff—and we interpret plaintiff's inclusion of the citations as an earnest effort to direct this court to the portions of the record during which plaintiff made the arguments supporting its waiver claim. As noted, however, the citations were incomplete in that they did not include the portion of the record during which plaintiff asserted defendant waived the non-assignability issue.

Plaintiff's brief was bereft of the necessary and appropriate citation to the pertinent portion of the record—the transcript of the day following the arguments on the merits of defendant's motion for an involuntary dismissal—showing the basis for its waiver claim. Plaintiff argued at that time defendant

waived the non-assignability issue because it was not asserted in defendant's answer and was raised for the first time at trial. It is a party's "responsibility to refer us to specific parts of the record to support their argument [on appeal]. They may not discharge that duty by inviting us to search through the record ourselves." Spinks v. Township of Clinton, 402 N.J. Super. 465, 474 (App. Div. 2008). Plaintiff cited to the trial record supporting its assertion of its waiver claim for the first time in its reconsideration motion.

In any event, the record plaintiff cited in support of its reconsideration motion shows it argued defendant waived the non-assignability issue before the trial court, and defendant does not dispute that what it characterizes as plaintiff's counsel's "belated[] . . . argument" was sufficient to preserve plaintiff's argument for appeal. Thus, based on the record and defendant's concession, and given our preference for deciding issues on the merits, see Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 356 (2001), we grant plaintiff's reconsideration motion.

We again review the pertinent facts. In July 2013, Automotive Innovations, Inc., (Automotive), suffered a fire at one of its locations and later discovered its insurance coverage was inadequate to cover its property losses and the losses from the interruption of its business. Eight months later, it executed an Assignment for Benefit of Creditors pursuant to N.J.S.A. 2A:19-1

to -50, assigning its assets to a trustee pursuant to a Chancery Division order. The court approved the sale and assignment of Automotive's assets to plaintiff,[1] including an assignment of a "[p]otential [c]hose in [a]ction" against defendant, Automotive's insurance broker, "for underinsurance" in an "[u]ndetermined [a]mount."

In November 2014, plaintiff filed a complaint against defendant asserting two claims.[2] The complaint alleges plaintiff is Automotive's assignee and asserts the claims in that capacity. In the first count, plaintiff alleged defendant "fail[ed] to exercise the requisite skill or diligence to ascertain Automotive's coverage needs and/or to supply the coverage it undertook to supply[,] . . . advise Automotive of the limitations contained in the [p]olicy[,] . . . familiarize itself with the coverage . . . and to . . . advise Automotive of the risks associated with . . . the coverage." Plaintiff asserted that "[d]efendant's omissions, neglect, and failure[s] constituted professional malpractice that breached the duty it owed to Automotive as its insurance broker by causing Automotive to have inadequate,

---

[1] Plaintiff was formed by Automotive's president for the purpose of acquiring Automotive's business.

[2] Plaintiff filed its original complaint and then a first amended complaint in November 2014. We summarize the allegations in the first amended complaint, which was the operative complaint during the litigation.

    A-2241-17T4

insufficient, and unsuitable insurance for the fire loss that it suffered." Plaintiff claimed that "[a]s a result of defendant's breach of duty, Automotive was uninsured" for losses for its inventory, business interruption and business personal property.

In the second count, plaintiff alleged defendant was liable for consequential damages, including the loss of good will, that Automotive sustained as a result of inadequate business interruption insurance. In its answer to the complaint, defendant generally denied the allegations. In pertinent part, defendant's answer also asserted that plaintiff failed to state a claim upon which relief can be granted. See R. 4:6-2(e).

In May 2017, defendant filed a motion for partial summary judgment arguing there was insufficient evidence establishing that it breached any duty related to the amount and adequacy of the business interruption insurance coverage. Defendant further argued the second count did not assert a cognizable legal claim because it sought consequential damages based on defendant's alleged failure to obtain adequate business interruption insurance for Automotive, the proceeds of which would have funded Automotive's continued operations following the fire.

The court heard argument and, in a written decision, determined the second count did not assert a cognizable cause of action because in Rider v. Lynch, the Supreme Court held that "if [a] broker neglects to procure the coverage, or otherwise fails to act with proper skill and care, he becomes liable in damages not exceeding the amount of insurance he was employed to effect." 42 N.J. 465, 480 (1964). Thus, the court reasoned that, as a matter of law, the claimed damages were limited to the amount of the insurance defendant was tasked to obtain, and there could not be any recovery for consequential damages for losses proximately caused by the alleged inadequate business interruption insurance.[3] The court entered an order granting defendant summary judgment on the second count.

The trial on the claim asserted in the first count was conducted over eight days. At the conclusion of plaintiff's case, defendant moved for an involuntary dismissal, R. 4:37-2(b), and following the close of all of the evidence, defendant moved for entry of judgment in its favor, R. 4:40-1. In support of its motion for an involuntary dismissal, defendant's counsel argued that both the allegations of

---

[3] The court did not address defendant's alternative argument supporting its summary judgment motion—that the undisputed facts established that defendant did not provide erroneous advice concerning the adequacy of the business interruption insurance required or provided under the policy.

the complaint and the proofs at trial established that plaintiff asserted its claims as Automotive's assignee and that the assignment "means that . . . plaintiff . . . cannot bring this claim against the insurance broker for [Automotive] who was the named insured under the policy." In support of its later motion for entry of judgment, defendant reprised the same argument. The court reserved decisions on both motions[4] and, following the jury's verdict, entered an order denying the motions without making any findings of fact or conclusions of law.

The jury returned a verdict in plaintiff's favor. Defendant moved for judgment notwithstanding the verdict, R. 4:40-2, arguing in part, again, that Automotive could not properly assign tort claims against defendant to plaintiff prior to judgment and, as a result, plaintiff could not prosecute the tort claims as Automotive's assignee. The court entered an order denying defendant's motion, again without offering any findings of fact or conclusions of law supporting its decision.[5] The court also entered a final judgment stating the jury

---

[4] We remind the court that "it is a better practice . . . to decide" a motion for an involuntary dismissal under Rule 4:37-2(b) "at the time it is made." Verdicchio v. Ricca, 179 N.J. 1, 31 n.4 (2004).

[5] We review a court's orders, and not its reasoning, Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001), but that does not excuse the trial court's failure to make findings of fact and conclusions of law supporting its disposition of three separate dispositive motions in this matter. See R. 1:6-2(f). The making

found "defendant breached the standard of care it owed as an insurance broker for Automotive" and "proximately caused damages to plaintiff in the amount of $500,000," and awarding damages in that amount to plaintiff.

In A-2241-17, plaintiff appealed from the court's order granting defendant summary judgment on the second count. In A-2291-17, defendant appealed from the court's orders denying its motions for involuntary dismissal, for judgment following the presentation of the evidence and for judgment notwithstanding the verdict.[6] We consolidated the appeals. Based on our review of the record in light of the applicable law, we are convinced the court erred by denying defendant's motions for involuntary dismissal and for judgment following the presentation of the evidence because Automotive's assignment of its tort claims against defendant was invalid and, as a result, the complaint failed

_____

of such findings and conclusions is not only required, R. 1:6-2(f), it facilitates proper appellate review and supports confidence in the judiciary by providing the court's reasoning for its decisions that the parties deserve and are entitled to expect. Rather than remand for the court to provide the findings and conclusions supporting its disposition of the three motions at issue, and further delay the prompt disposition of this matter owed to the parties, we address the challenged court orders without the benefit of the court's reasoning because we conclude that the record supporting the disposition of the motions is undisputed and the issues presented are questions of law, which we decide de novo. See Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

[6] Plaintiff filed a cross-appeal in A-2291-17, and later requested that the cross-appeal be withdrawn. We granted the request in a February 6, 2018 order.

to state a claim upon which relief can be granted. We therefore reverse the court's orders denying those motions, as well as the order for the final judgment, and dismiss as moot plaintiff's appeal of the court's order granting defendant summary judgment on count two.

As noted, defendant moved for involuntary dismissal, R. 4:37-2(b), judgment following the presentation of the evidence, R. 4:40-1, and for judgment notwithstanding the jury's verdict, R. 4:40-2. Each of the motions was founded on the same contention: plaintiff could not prosecute Automotive's claims against defendant as a matter of law because an assignment of tort claims prior to judgment is not permitted under N.J.S.A. 2A:25-1. Plaintiff argues defendant waived the non-assignability defense because it is an affirmative defense that was not pleaded in defendant's answer, and was not asserted until trial.

The issue presented concerns the distinction between the Rule 4:6-2(e) defense of failure to state a claim and an affirmative defense under Rule 4:5-4 that must be set forth in a responsive pleading. As explained by Judge Pressler in Buteas v. Raritan Lodge No. 61 F. & A.M., "[t]he distinction between the two rules is significant" because "[a]n affirmative defense is ordinarily waived if not pleaded or otherwise timely raised," whereas, "[o]n the other hand, the defense

of failure to state a claim upon which relief can be granted is a reserved defense which may be raised at trial." 248 N.J. Super. 351, 363 (App. Div. 1991). Indeed, "our Court Rules explicitly state that a request to dismiss for failure to state a claim 'may be made in <u>any</u> pleading permitted <u>or</u> by motion for summary judgment <u>or</u> at the trial on the merits,'" <u>Hurwitz v. AHS Hosp. Corp.</u>, 438 N.J. Super. 269, 293 (App. Div. 2014) (quoting <u>R.</u> 4:6-7), and "[t]hus, by its very terms, <u>Rule</u> 4:6-7 permits a party to raise the defense of a failure to state a claim as late as trial," <u>ibid.</u>

Here, defendant asserted in its answer that the complaint failed to state a claim upon which relief can be granted and, as expressly permitted under <u>Rule</u> 4:6-7, moved at trial for an involuntary dismissal of the complaint because plaintiff could not prosecute the tort claim asserted in the complaint as Automotive's assignee. Plaintiff contends its purported lack of legal authority to prosecute the tort claims constituted an affirmative defense defendant was required to expressly assert in its answer under <u>Rule</u> 4:5-4 and otherwise raise prior to trial. "The line between" an affirmative defense subject to <u>Rule</u> 4:5-4's requirements and "a defense under [<u>Rule</u>] 4:6-2(e) . . . is not always clearly defined." <u>Buteas</u>, 248 N.J. Super. at 363. But "[i]t is at least evident that a [<u>Rule</u>] 4:6-2(e) defense goes to the legal sufficiency of the pleading, ordinarily

12

connoting the failure of the complaint to state either a cognizable cause of action or all of the elements of a cognizable cause of action." Ibid. For example, in Buteas, it was noted that a complaint would fail to state a cause of action on which relief can be granted where the defendant was not a legal entity. Id. at 363-64.

On the other hand, an affirmative defense assumes the legal sufficiency of a plaintiff's complaint, but is a means of avoiding liability for culpable conduct based on a defendant's separately pleaded "statement of facts constituting an avoidance or affirmative defense and not merely by legal conclusion." JB Pool Mgmt., LLC v. Four Seasons at Smithville Homeowners Ass'n, Inc., 431 N.J. Super. 233, 250 (App. Div. 2013) (quoting Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 4:5-4 (2013)); see also Faul v. Dennis, 118 N.J. Super. 338, 342 (Law Div. 1972) ("An affirmative defense generally involves the introduction of new matter which is not shown by the plaintiff's own proof or pleading."). An affirmative defense asserts "a matter of avoidance of liability for culpable conduct for which [a] defendant would have been answerable but for the particular facts of the transactional relationship between the parties." Buteas, 248 N.J. Super. at 364.

The circumstances here are different than those presented in <u>Cole v. Jersey City Medical Center</u>, upon which plaintiff relies, where the Court determined the defendant waived its right to compel arbitration of the plaintiff's claims by waiting until trial to move to compel the arbitration. 215 N.J. 265, 283 (2013). In <u>Cole</u>, the Court did not consider a motion to dismiss a complaint under <u>Rule</u> 4:6-2(e) based on a failure to state a claim founded on the insufficiency to the claim asserted in the complaint. Instead, the Court conducted a fact-sensitive inquiry concerning circumstances beyond the sufficiency of the pleadings and determined that, as a result of the defendant's conduct, it waived its right to compel arbitration. <u>Id.</u> at 280-83.

Here, defendant's motions for an involuntary dismissal, judgment and judgment notwithstanding the verdict were not founded on the avoidance of liability based on either the transactional history between it and plaintiff, on an assumption of the legal sufficiency of the allegations in the complaint or on the introduction of new matter not shown in plaintiff's pleading. Thus, defendant did not interpose an affirmative defense.

The motions challenged plaintiff's legal authority to prosecute the tort claims as alleged on the face of the complaint. Because plaintiff had no legal authority to prosecute tort claims as an assignee, the complaint, which alleged

plaintiff brought the claims as Automotive's assignee, failed to state a claim upon which relief can be granted. Defendant asserted the defense in its answer and at trial, as directly authorized by Rule 4:6-7. Hurwitz, 438 N.J. Super. at 293; Buteas, 248 N.J. Super. at 363. We are therefore convinced defendant's non-assignability defense was properly asserted at trial as expressly permitted by Rule 4:6-2(e). See also Prickett v. Allard, 126 N.J. Super. 438, 440 (1974) (holding that where "the bar of the statute of limitations appears on the face of the complaint," the defense is not waived when it is not separately pleaded and may be asserted as a failure to state a claim upon which relief can be granted).

We are also not persuaded by plaintiff's claim that the equities require a finding that defendant waived the non-assignability defense. Plaintiff's argument ignores that defendant's answer asserted the defense and expressly reserved the right to move for dismissal on that basis, and that Rule 4:6-7 permits the filing of such a motion for the first time at trial. Thus, plaintiff was on notice from the outset that defendant asserted the complaint failed to state a claim upon which relief can be granted and could have inquired during discovery about the factual basis supporting that defense, but opted not to.[7] Of course, if plaintiff

_____

[7] The record lacks any evidence that plaintiff inquired during discovery as to the factual basis supporting the asserted defense, and plaintiff makes no claim

had made inquiry concerning the factual basis for the defense and determined it was founded on the non-assignability of Automotive's tort claims, it could have timely moved to amend its complaint to attempt to remedy any deficiencies in its pleadings long before trial. Where, as here, plaintiff had notice of the failure to state a claim defense and the means to obtain the facts supporting the defense during discovery, but elected not to investigate the factual basis supporting the defense, it was not inequitable to permit defendant to make a motion based on the defense as expressly authorized by Rule 4:6-7.

We now address the merits of defendant's argument that the court erred by denying its motions for an involuntary dismissal and for a judgment at the conclusion of the presentation of the evidence. As noted, defendant contends the motions should have been granted because the assignment of Automotive's claims to plaintiff is invalid. We consider the court's disposition of those motions on the records extant before the motion court when the motions were made. Lebron v. Sanchez, 407 N.J. Super. 204, 213 (App. Div. 2009)

---

defendant failed to disclose the factual basis for the defense in response to any discovery demands. We therefore are not confronted with an argument that defendant's failure to provide the facts supporting the asserted defense in response to discovery demands constitutes a waiver of defendant's right to move for dismissal at trial on that basis under Rule 4:6-2(e).

(explaining that we review a court's decision based solely on the motion record); see also Ji v. Palmer, 333 N.J. Super. 451, 463-64 (App. Div. 2000).

In our review of orders on a defendant's motions for involuntary dismissal, R. 4:37-2(b), and for judgment at the close of all of the evidence, R. 4:40-1, we employ the same standard as the trial court. Filgueiras v. Newark Pub. Sch., 426 N.J. Super. 449, 455 (App. Div. 2012). We apply the following evidential standard: "[i]f, accepting as true all the evidence which supports the position of the party defending against the motion and according him [or her] the benefit of all inferences which can reasonably and legitimately be deduced therefrom, reasonable minds could differ, the motion must be denied." Id. at 456 (quoting Verdicchio, 179 N.J. at 30).

Defendant argues the court erred by denying its motions because Automotive's assignment of the claims to plaintiff was invalid as a matter of law and the complaint made clear on its face that plaintiff could not prosecute the claims on Automotive's behalf. Defendant relies on the well-settled principle that "[a] tort claim is not subject to assignment prior to judgment," Cherilus v. Fed. Express, 435 N.J. Super. 172, 178 (App. Div. 2014); see Di Tolvo v. Di Tolvo, 131 N.J. Super. 72, 79 (App. Div. 1974); see also Nationwide Mut. Ins. Co. v. Caris, 170 F. Supp. 3d 740, 747 (D.N.J. 2016), and claims plaintiff could

17

not prosecute the claims asserted in the complaint because Automotive could not lawfully assign those claims to plaintiff.

We reject plaintiff's assertion that the prohibition against the assignment of tort claims prior to judgment is inapplicable here because the claims asserted against defendant were not tort claims, but were instead contract claims. The assignment of choses in action[8] sounding in contract is expressly authorized by N.J.S.A. 2A:25-1, which provides, in pertinent part, that "all choses in action arising on contract shall be assignable." The statute has been "broadly construed" to allow the assignment of choses in action based on contractual and quasi-contractual grounds. Kimball Int'l, Inc. v. Northfield Metal Prods., 334 N.J. Super. 596, 612 (App. Div. 2000). For example, in Kimball we determined that the plaintiff's indemnification claim had been properly assigned because "[i]ndemnity arises from contract, express or implied," id. at 613 (alteration in original) (quoting George M. Brewster & Son v. Catalytic Constr. Co., 17 N.J. 20, 28 (1954)), and the "foundation" of the plaintiff's claim was a contract to

---

[8] "A chose in action is a personal right not reduced to possession but recoverable by a suit at law." In re Estate of Roche, 16 N.J. 579, 595 (1954); see also Black's Law Dictionary 294 (10th ed. 2014) (defining chose in action as "[a] proprietary right in personam, such as a debt owed by another person, a share in a joint-stock company, or a claim for damages in tort" and "[t]he right to bring an action to recover a debt, money, or thing.").

purchase a component part of the chair which caused plaintiff's assignor's injuries, ibid.

Here, plaintiff's complaint does not assert that Automotive and defendant were parties to any contract, express or implied, or that defendant breached a contract. The complaint alleges causes of action founded exclusively on the claim that defendant committed professional malpractice by negligently advising Automotive about its insurance needs and coverage and failing to obtain appropriate and necessary coverage for Automotive. In addition, the jury was instructed by the court solely on principles of negligence pertinent to a professional malpractice claim, and returned a verdict in accordance with the court's instructions finding defendant was negligent by deviating from the standard of care expected of insurance brokers. To be sure, a malpractice claim against an insurance broker might support contract and tort claims, see Rider, 42 N.J. at 477 (explaining that an insurance broker "is liable in tort or for breach of contract" by failing to exercise reasonable care in procuring appropriate insurance coverage for a client), but plaintiff opted to assert only tort claims against defendant. Plaintiff alleged "[d]efendant's omissions, neglect, and failure constituted professional malpractice that breached the duty it owed to Automotive as its insurance broker," and the jury was neither requested to find

19

nor found defendant breached any purported contract with Automotive; the jury was asked to determine, and only determine, that defendant was negligent. N.J.S.A. 2A:25-1 provides no refuge supporting Automotive's assignment of the claims asserted in the complaint because they are not choses in action arising on a contract.

Plaintiff argues the prohibition against the assignment of tort claims prior to judgment is inapplicable because it is, or should be, limited to the assignment of tort claims involving personal injuries. We are not persuaded.

The prohibition against the assignment of tort claims prior to judgment is founded on the principle that "[e]xcept when otherwise provided by statute, nothing is assignable, either at law or in equity, that does not directly or indirectly involve a right to property." Goldfarb v. Reicher, 112 N.J.L. 413, 414 (Sup. Ct.), aff'd, 113 N.J.L. 399 (E. & A. 1934). Thus, a chose in action unrelated to a right involving property may only be assigned if authorized by statute. In Goldfarb, the Court explained that "[i]t is a firmly established rule that a right of action for personal injuries cannot be made the subject of assignment before judgment, in the absence of a statutory provision to the contrary." Ibid. Applying these principles in East Orange Lumber Co. v. Feiganspan, the court noted that "section 19 of the Practice Act" authorized the

A-2241-17T4

assignment of "all choses in action on contract" and held that the absence of any similar statutory authorization for the assignment of a negligence claim for damage to personal business property "is sufficient to indicate that the Legislature did not mean that the same privilege should be had by the assignee of a chose in action arising out of tort."  120 N.J.L. 410, 412 (Sup. Ct.), aff'd, 124 N.J.L. 127 (E. & A. 1940).

N.J.S.A. 2A:25-1 permits the assignment of certain claims, but does not authorize the assignment of choses in action arising out of tort and plaintiff cites to no statute authorizing the assignment of tort claims prior to judgment.  We recently reiterated that "[i]t has always been held that the right to bring an action in the courts of this state is possessed by the injured person alone, unless the injured person assigns his [or her] right to someone else which cannot be done before judgment when the action sounds in tort."  Cherilus, 435 N.J. Super. at 178 (quoting U.S. Cas. Co. v. Hyrne, 117 N.J.L. 547, 552 (E. & A. 1937)).  And the assignment of tort claims has uniformly been deemed invalid by courts applying New Jersey law.  See Vill. of Ridgewood v. Shell Oil Co., 289 N.J. Super. 181, 195-96 (App. Div. 1996) (finding invalid an assignment of tort claims for property damages and clean-up costs); Di Tolvo, 131 N.J. Super. at 79 (finding invalid the assignment of tort claim for personal injuries); Berkowitz

v. Haigood, 256 N.J. Super. 342, 346 (Law Div. 1992) (explaining a claim for personal injury damages arising in tort "is not assignable before judgment"); Costanzo v. Costanzo, 248 N.J. Super. 116, 121 (Law Div. 1991) (finding invalid the assignment of a tort claim for personal injuries); see also Caris, 170 F. Supp. 3d at 747 (finding under New Jersey law that a tort claim for negligence arising under an alleged failure to properly handle an insurance claim may not be assigned prior to judgment); Alcman Servs. Corp. v. Bullock, 925 F. Supp. 252, 258 (D.N.J. 1996) (finding legal malpractice claim a tort action that could not be assigned prior to judgment under New Jersey law); Conopco, Inc. v. McCreadie, 826 F. Supp. 855, 867 (D.N.J. 1993) (finding that professional malpractice claims are choses in action arising out of tort and are therefore not assignable prior to judgment under New Jersey law).

Plaintiff contends we should ignore this well-settled principle because the prohibition should be limited only to tort claims involving personal injuries. In Kimball, we noted that "[t]he limitation of the non-assignability rule to personal injury claims is consistent with the rule in most other jurisdictions which still maintain some restrictions upon the assignability of claims," but we expressly found we had "no need to determine whether the prohibition against the

assignment of tort claims is limited to personal injury claims, because" the plaintiff's claim was "contractual in nature." 334 N.J. Super. at 612 n.6.

We find no basis to depart from the longstanding application of the non-assignability rule to all tort claims. To be sure, the prohibition has been applied to the assignment of tort claims involving personal injuries. See, e.g., Cherilus, 435 N.J. Super. at 177 (applying prohibition against assignment of tort claims to personal injury claim); Di Tolvo, 131 N.J. Super. at 79. It has also been applied to tort claims that do not involve personal injuries. See Vill. of Ridgewood, 289 N.J. Super. at 195-96 (applying prohibition against assignment of tort claims to claim for property damage and clean-up costs); E. Orange Lumber Co., 120 N.J.L. at 413 (applying prohibition against assignment of tort claims to property damage claim and finding that the rule against the assignment of tort claims for damages to personal property is "firmly embedded in our jurisprudence"); see also Caris, 170 F. Supp. 3d at 747 (applying prohibition against assignment of tort claims to a claim for negligence in the handling of an insurance claim); Alcman Servs. Corp., 925 F. Supp. at 258 (applying prohibition against assignment of tort claims to a legal malpractice claim); Conopco, 826 F. Supp. at 867 (applying prohibition against assignment of tort claims to a professional malpractice claim). Plaintiff does not cite to any New

Jersey cases allowing the assignment of tort claims prior to judgment, whether they be with or without alleged personal injuries.[9]

Moreover, the prohibition against the assignment of tort claims is founded on the principles that actions should be brought only by the injured party and assignments of claims are barred unless expressly authorized by statute.[10] We

---

[9] In Werrmann v. Aratusa, Ltd., we stated that the "plaintiff could have obtained an assignment" of a "broker[]-negligence claim . . . and pursued that claim as an assignee." 266 N.J. Super. 471, 476 (App. Div. 1993). We do not read this statement as allowing or authorizing the assignment of a tort claim because, as a matter of fact, there was no assignment of any claims in Werrmann and the validity of a non-existent assignment was not an issue. In Werrmann, we also determined that the putative assignee was a third-party beneficiary of a contract between the putative assignor and the broker. Id. at 476-78. As such, any assignment of the putative assignor's claims against the broker would have been choses in action arising in contract and therefore valid under N.J.S.A. 2A:25-1.

[10] Plaintiff argues the prohibition against the assignment of tort claims should be limited to personal injury actions because the prohibition is intended to "prevent unscrupulous strangers to an occurrence from preying on the deprived circumstances of an injured person," Kimball, 334 N.J. Super. at 611 (quoting Caldwell v. Ogden Sea Transp., Inc., 618 F.2d 1037, 1048 (4th Cir. 1980)), and that principle has no application where, as here, Automotive and defendant engaged in a commercial transaction for the purchase of insurance. Plaintiff views the policies underpinning the prohibition too narrowly; there are other policy considerations supporting application of the prohibition in a commercial setting. For example, in Alcman Services Corp., the court found that the assignment of a legal malpractice claim was invalid in part because the contrary conclusion "would lead to baseless and excessive legal malpractice claims and would undermine the personal confidence that must exist between lawyers and clients." 925 F. Supp. at 258. In other words, the court found there was a valid policy supporting the prohibition against the assignment of a tort claim that did not involve personal injuries. In any event, the weighing of the

presume the Legislature was fully aware of those principles when it adopted

N.J.S.A. 2A:25-1,[11] see Farmers Mut. Fire Ins. Co. of Salem v. N.J. Prop.–

Liability Ins. Guar. Ass'n, 215 N.J. 522, 543 (2013) ("The Legislature is

presumed to be aware of the decisional law of this State."), and the Legislature

nonetheless elected to exclude choses in action in tort from those for which

assignments are authorized. We cannot expand the statutory authority to assign

claims beyond that expressly allowed by the Legislature. See DiNapoli v. Bd.

of Educ. of Verona, 434 N.J. Super. 233, 238 (App. Div. 2014) ("Courts are not

permitted to . . . 'presume that the Legislature intended something other than

that expressed by way of the plain language.'" (quoting O'Connell v. State, 171

---

pertinent policies is for the Legislature and it has determined that tort claims are not included amongst those that may be assigned prior to judgment. If it were otherwise, N.J.S.A. 2A:25-1 would include choses in action arising in tort amongst those that may be assigned.

[11] New Jersey statutes have never authorized the assignment of choses in action arising in tort. An 1898 statute permitted the assignment of "choses in action arising on contracts" and other designated claims but did not authorize the assignment of tort claims. L. 1898, c. 228, § 38. The statute was modified in 1903, but did not authorize the assignment of tort claims. L. 1903, c. 247, §§ 19, 20. In 1937, the statute was codified with modifications not pertinent here in R.S. 2:41-1. L. 1937, c. 188. In 1951, the Legislature repealed and replaced Title 2 with Title 2A. L. 1951, c. 344. As part of that revision, N.J.S.A. 2A:25-1 replaced R.S. 2:41-1, see L. 1951, c. 344, § 3, but, as noted, N.J.S.A. 2A:25-1 does not authorize the assignment of choses in action arising in tort.

N.J. 484, 488 (2002))). As noted many years ago in response to a similar claim that the non-assignability rule should be limited only to certain tort claims,

> If the present case were one of novel impression in this jurisdiction, there would seem to be little reason for the present rule that an assignee of a chose in action for injury to personal property cannot sue thereon, but the rule being so firmly embedded in our jurisprudence it will be necessary for the [L]egislature, if it sees fit, to alter the same.

[E. Orange Lumber Co., 120 N.J.L. at 413.]

The assignment of the tort claims asserted in plaintiff's complaint against defendant was invalid. The court erred in finding otherwise in its denial of defendant's motions for involuntary dismissal and for judgment after the presentation of all of the evidence. We reverse the court's orders denying those motions, conclude the matter should not have been submitted to the jury for its determination, vacate the jury's verdict and reverse the court's order for final judgment. Because the court should have granted the motions for judgment in defendant's favor prior to submission of the matter for the jury's determination, we also reverse the court's order denying defendant's motion for judgment notwithstanding the verdict. Our conclusion renders moot plaintiff's appeal of the court's order granting defendant partial summary judgment on the claim for

consequential damages in count two, and we do not consider the merits of the claim.

In A-2291-17, reversed as to the court's orders denying defendant's motions for involuntary judgment, R. 4:37-2(b), for judgment following the presentation of the evidence, R. 4:40-1, and for judgment notwithstanding the verdict, R. 4:40-2, and the court's order for final judgment.

In A-2241-17, dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION